IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALTON CO., a Kentucky corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>STREIVOR, INC., a California corporation,<br><br>    Defendant. | No. C 10-00655 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING** |

## INTRODUCTION

In this patent infringement action involving commercial kitchen ventilation systems, defendant Streivor, Inc. moves to dismiss plaintiff Halton Co.'s claims for indirect infringement, unfair competition, and intentional interference with prospective economic advantage. Alternatively, defendant moves for a more definite statement on each of these claims. For the reasons stated below, defendant's motion to dismiss is **GRANTED.**

## STATEMENT

Three claims are alleged in the complaint: (1) patent infringement, both direct and indirect, (2) unfair competition under California law, and (3) intentional interference with prospective economic advantage (Dkt. No. 1). Underlying these claims is United States Patent No. 6,851,421, entitled "Exhaust Hood With Air Curtain," of which plaintiff is the assignee. The instant motion targets each of these claims with the exception of plaintiff's claim of direct patent infringement (Dkt. No. 19).

**ANALYSIS**

**1. LEGAL STANDARD**

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted); FRCP 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 1950. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**A. Indirect Infringement**

Defendant argues that plaintiff failed to sufficiently allege indirect infringement of the '421 patent under FRCP 8(a) and *Iqbal*. The complaint stated in relevant part (Compl. ¶¶ 11–13):

> 11. On information and belief, during the term of the '421 Patent, Streivor has infringed and continues to infringe; has contributorily infringed and continues to contributorily infringe; and/or has induced and continues to induce others to infringe one or more claims of the '421 Patent. Streivor's infringing activities in the United States and in this District include making, using, selling and/or offering to sell commercial kitchen products with exhaust hoods, including, but not limited to, Wall Canopy Box Design Hoods with Smart Aire.
>
> 12. In April 2009, Halton provided Streivor with actual written notice of the '421 Patent and Streivor's infringing activity, and demanded that Streivor cease and desist from infringing the '421 Patent.
>
> 13. Streivor has intentionally and willfully infringed the '421 Patent and continues to intentionally and willfully infringe the '421 Patent.

There are two theories under which a party may be held liable for indirect infringement: (1) induced infringement under 35 U.S.C. 271(b) and (2) contributory infringement under 35 U.S.C. 271(c).

As set forth in 35 U.S.C. 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To establish liability for induced infringement, "a patent holder must prove that once the defendants knew of the patent, they 'actively and knowingly aid[ed] and

2

abett[ed] another's direct infringement.'" *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). In other words, the accused party must have "knowingly induced infringement and possessed specific intent to encourage another's infringement." *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010) (quoting *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)).

With respect to contributory infringement, "[w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. 271(c).

Even assuming the truth of the facts alleged in the complaint, plaintiff has failed to make a plausible claim for induced or contributory infringement. Here's why:

Induced infringement under 35 U.S.C. 271(b) requires the direct infringement by *another* entity, and that this direct infringement be "actively induce[d]" by the party accused under Section 271(b). *See i4i Ltd. Partnership*, 598 F.3d at 851. As the above excerpts from the complaint illustrate, no entity *other than defendant* as been accused of directly infringing the '421 patent. Moreover, there are insufficient facts supporting a plausible inference of active inducement. The complaint merely alleged that defendant "makes, uses, sells and/or offers to sell" the accused infringing product, and continued to "intentionally" and "wilfully" infringe after receiving notice by plaintiff in April 2009 of possible infringement of the '421 patent (Compl. ¶¶ 11–13). No mention of any "specific intent to encourage another's infringement" is made.

Similarly, the complaint is devoid of facts to support a plausible inference of contributory infringement. As the excerpts from the complaint illustrate, there was no allegation by plaintiff that the accused commercial kitchen product was a "component of a patented machine . . . constituting a material part of the [patented] invention" or that the accused product was not

3

1  capable of "substantial noninfringing use" (*ibid.*).  35 U.S.C. 271(c).  Nothing alleged in the
2  complaint fits the theory of contributory infringement.

3  In its opposition, plaintiff hangs its hat on FRCP 84, which states that the "forms in the
4  Appendix suffice under these rules and illustrate the simplicity and brevity that these rules
5  contemplate" (Opp. 3–4).  The gist of plaintiff's argument is that it has sufficiently pled indirect
6  infringement using Form 18, which was created prior to the *Iqbal* decision and is found in the
7  appendix of the current Federal Rules.

8  On its face, however, Form 18 is silent as to any theory of patent infringement besides
9  *direct* infringement.  *See* FRCP Appendix of Forms, Form 18 (recommending in a "Complaint for
10 Patent Infringement" a statement that "defendant has infringed and is still infringing the Letters
11 Patent by making, selling, and using [the accused products] that embody the patented invention").
12 Nowhere in Form 18 are theories and elements of induced infringement or contributory
13 infringement referenced.  Given this silence, this order finds that plaintiff cannot use Form 18 as a
14 shield against the instant motion.  Several other courts in this district have reached the same
15 conclusion.  *See Bender v. LG Elecs. U.S.A., Inc.*, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010)
16 (Form 18 only provides an example of how direct patent infringement may be alleged); *Elan*
17 *Microelectronics Corp. v. Apple, Inc.,* 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ("[i]n the
18 absence of any other form that addresses indirect infringement and is made binding on the courts
19 through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*").

20 For these reasons, plaintiff's claims of indirect infringement under 35 U.S.C. 271(b) and
21 35 U.S.C. 271(c) are **DISMISSED.**

22 **B.  California Unfair Competition Law**

23 Defendant's next attack targets the Section 17200 claims alleged in the complaint.  The
24 complaint set forth in relevant part (Compl. ¶¶ 17–20):

25      17.  Strevoir [sic] is representing to potential clients that
    Streivor holds patent rights in its productions, which on
26  information and belief such patent rights do not exist.

27      18.  Streivor has represented to potential customers of
    Halton that it has patent rights that are superior to Halton's patents
28  and by doing so implying [sic] that its patent rights cover Halton's
    exhaust hoods products.

4

19.     On information and belief, during the term of the '421 Patent, Streivor has marketed and continues to market to potential customers that Streivor's exhaust hoods are equal to Halton's exhaust hoods and Streivor's exhaust hoods are half the price of Halton's system.

20.     Potential customers are likely to be deceived into believing that Strevoir [sic] has the right to market its exhaust hoods, without a license from Halton, when in fact the intellectual property rights to the product covered by the '421 Patent belong to Halton.

Section 17200 states that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." This language was intended to include "anything that can properly be called a business practice." *Prata v. Superior Court*, 91 Cal. App. 4th 1128, 1136 (2001) (internal quotation marks omitted). Defendant argues that the above allegations fail to state a plausible claim under California unfair competition law. Cal. Bus. & Prof. Code. § 17200 *et seq.* This order agrees.

As the relevant excerpts from the complaint show, plaintiff's allegations are difficult to decipher. Giving the complaint as plausible a reading as possible, it appears that defendant misrepresented to its potential clients that it held patent rights in its products superior to those of plaintiff and that customers were likely to be deceived that defendant had the right to market its exhaust hoods without a license from plaintiff. The complaint leaves unaddressed why such misrepresentations would be important to a customer's decision in choosing between commercial kitchen appliances. Additionally, inexplicably thrown into these allegations is the claim that defendant represented to potential customers of plaintiff that its products were of equal quality at half the price.

There are numerous deficiencies with these allegations. *First*, claims that "sound in fraud" or are "grounded in fraud" — including those alleged under Section 17200 — must be pled with particularity under FRCP 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL."). Since plaintiff's unfair competition allegations appear to be solely based upon defendant's allegedly false "representations" regarding its patent rights that were "likely to deceive[]" customers, FRCP 9(b) applies to this claim. Applying this heightened

5

1  pleading standard, the complaint failed to allege sufficient facts as to "the who, what, when,
2  where, and how" relating to the alleged deceitful misconduct. *Id.* at 1126. For example, it is
3  unclear who made these alleged "representations," how they were supposedly made, when they
4  were supposedly made, and where they were supposedly made. This lack of specificity, as well
5  as plaintiff's failure to allege a plausible theory of reliance on these supposed misrepresentations,
6  makes it impossible for defendant to respond to these allegations (which appear to fall under the
7  "fraudulent" prong of Section 17200).

8       *Second*, with respect to the seemingly unrelated allegation that defendant has marketed
9  (and continues to market) to potential customers that its exhaust hoods are "equal to [plaintiff's]
10 exhaust hoods and . . . are half the price," the complaint failed to allege that these representations
11 were actually false. Moreover, at least with the representation that the competing exhaust hoods
12 were "equal" to each other, such a vague marketing statement would almost certainly be deemed
13 non-actionable puffery under the law.

14      *Third,* to the extent that plaintiff has alleged a violation under the "unlawful" prong of
15 Section 17200, a violation of federal patent law — without more — cannot serve as the basis of
16 this claim. *See Summit Mach. Tool Mfg. Corp. v. Victor CNC Systems, Inc.*, 7 F.3d 1434, 1439
17 (9th Cir. 1993) ("Federal patent and copyright laws limit the states' ability to regulate unfair
18 competition."). A state-law claim must be "qualitatively different from a copyright or patent
19 infringement claim" or else it is preempted. *Id.* at 1439–40. This means that the state-law claim
20 must require proof of an element not shared by the federal law. *Ibid.* In its opposition, plaintiff
21 simply argues that "patent infringement is clearly a violation of federal law" as the basis for its
22 claim under the "unlawful" prong. This argument fails under the rules set forth above.

23      *Fourth*, to the extent that a violation of the "unfair" prong has been alleged, there is no
24 allegation that defendant's conduct "threatens an incipient violation of an antitrust law, or violates
25 the policy or spirit of one of those laws because its effects are comparable to or the same as a
26 violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech*
27 *Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). The complaint
28 merely alleged that defendant committed patent infringement and knowingly deceived customers

into believing that defendant's products did not require a license. If anything, this alleged misconduct, while potentially in violation of federal patent law, provided customers seeking commercial kitchen exhaust hoods with *additional* choices and the market with *additional* competition. The complaint failed to set forth any legally cognizable theory as to why the alleged misconduct was (and is) "unfair."

For these reasons, plaintiff's unfair competition claim under all three prongs of Section 17200 has been inadequately pled under FRCP 8(a) and *Iqbal*, and is hereby **DISMISSED.**

### C. Intentional Interference With Prospective Economic Advantage

The elements of intentional interference with prospective economic advantage are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003).

Plaintiff's only factual allegation with respect to the first element is that "Halton had a reasonable probability of profitable economic relationships with others . . ." (Compl. ¶¶ 26-33). As the undersigned recently explained in *Swingless Golf Club v. Taylor*, 2009 U.S. Dist. LEXIS 57654, *11-12 (N.D. Cal Jul. 7, 2009), "it is well settled in California that a plaintiff must establish an existing economic relationship or a protected expectancy with a third person, not merely a hope of future transactions." Such an *existing* relationship must be pleaded to state a claim for intentional interference with prospective economic advantage. Plaintiff acknowledges that its complaint is deficient in this respect (Opp. 10).

As such, plaintiff's claim of intentional interference with prospective economic advantage must be **DISMISSED.**

7

**CONCLUSION**

For the reasons stated above, plaintiff's claims for induced patent infringement, contributory patent infringement, unfair competition, and intentional interference with prospective economic advantage are **DISMISSED.** The hearing on this motion is **VACATED**.

Within **FOURTEEN CALENDAR DAYS**, plaintiff may file a motion on the normal 35-day track seeking to cure the foregoing deficiencies. A proposed amended complaint must be appended to such a motion, and the motion should clearly explain why each amended claim overcomes the deficiencies stated herein.

**IT IS SO ORDERED.**

Dated: May 21, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE